# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-50154
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 5, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GUSTAVO CERVANTES-PEREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-217

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

A jury found Gustavo Cervantes-Perez guilty of two counts of receipt/distribution of material involving the sexual exploitation of children and two counts of possessing material involving the sexual exploitation of children. On each count, he was sentenced to concurrent terms of 120 months of imprisonment and five years of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50154

On appeal, he argues that the evidence produced at trial was insufficient to support his conviction for distribution of child pornography under 18 U.S.C. § 2252(a)(2). Because he did not renew his motion for a judgment of acquittal at the close of all evidence, we review this claim for a manifest miscarriage of justice. *United States v. Salazar*, 542 F.3d 139, 142 (5th Cir. 2008). As there was evidence produced at trial showing that child pornography was detected in a shared folder accessible via a peer-to-peer network at Cervantes-Perez's residence, as well as substantial evidence linking Cervantes-Perez to the detected child pornography files, Cervantes-Perez has failed to show there was a manifest miscarriage of justice. *See United States v. Richardson*, 713 F.3d 232, 235-36 (5th Cir.), *cert. denied*, 134 S. Ct. 230 (2013).

Cervantes-Perez also contends that the district court erred by applying the two-level adjustment under U.S.S.G. § 2G2.2(b)(3)(F) because his offense involved distribution. He asserts that this constituted error because there was no evidence that he used a shared folder accessible via a peer-to-peer network. As there was such evidence, he has failed to show error in this regard. *See United States v. Baker*, 742 F.3d 618, 620 (5th Cir. 2014).

The judgment of the district court is AFFIRMED.