# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60894
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 17, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STEVEN RUSSELL,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:14-CR-145-1

Before JOLLY, DAVIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Steven Russell was convicted by a jury of five counts of distributing child pornography, in violation of 18 U.S.C. § 2252A(a)(2), and one count of possessing child pornography, in violation of § 2252A(a)(5)(B). He was sentenced to an aggregate sentence of 210 months in prison, to be followed by a five-year term of supervised release. As a special condition of supervised release, the district court stated that Russell was banned from possessing a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

computer or another device capable of connecting to the internet, although he could obtain permission from his probation officer to use a computer or the internet in conjunction with his pursuit of authorized employment.

On appeal, Russell asserts that the evidence is insufficient to support his convictions because there was no eyewitness evidence establishing that he was the individual who had distributed e-mails containing child pornography or that he had placed the possessed images of pornography on his computer. In addition, he contends that there was insufficient evidence to support two of the distribution counts because evidence was admitted to show that Russell attempted to e-mail a video containing child pornography to a third party but was unable to do so. We "view[] all evidence, whether circumstantial or direct, in the light most favorable to the Government with all reasonable inferences to be made in support of the jury's verdict." *United States v. Moser*, 123 F.3d 813, 819 (5th Cir. 1997).

Typically, the Government lacks direct evidence of distribution or possession "because child pornography is not something people tend to download, possess, or distribute in the company of others." *United States v. Woerner*, 709 F.3d 527, 537 (5th Cir. 2013). The evidence at trial reflected that an individual using an e-mail address registered to Russell, who referred to himself as "Steve R," had sent e-mails with child pornography attachments to third parties and had uploaded videos containing child pornography to a Shutterfly album that others could view. A search of Russell's home revealed images of child pornography on a computer that was in plain view; Russell was the only individual in the home at the time of the search, and there was no evidence that anyone else lived at the residence. There was no evidence of the use of a computer program that would allow a remote user to place child pornography on the computer in Russell's home. The evidence was sufficient

to support Russell's convictions even in the absence of direct eyewitness testimony that he had distributed or possessed the images. *See id.* at 538; *United States v. Moreland*, 665 F.3d 137, 149 (5th Cir. 2011). As for the argument that evidence showed he had been unable to e-mail a video to a third party, the evidence that Russell had been the one who originally uploaded the video to the shared album was sufficient to constitute evidence of distribution. *See United States v. Richardson*, 713 F.3d 232, 236 (5th Cir. 2013).

In addition, Russell asserts the ban on his access to a computer or internet access for the duration of his supervised release term is greater than is reasonably necessary. Because he did not object to this condition in the district court, we review this argument for plain error only. *See United States v. Ellis*, 720 F.3d 220, 224–25 (5th Cir. 2013). To prevail on plain error review, Russell must show a forfeited error that is clear or obvious and that affected his substantial rights. *See id.* If these requirements are met, this court has the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

A ban on computer or internet use in a child pornography case must be "narrowly tailored either by scope or by duration." *United States v. Duke*, 788 F.3d 392, 399 (5th Cir. 2015). Russell's condition is temporally limited by the five-year length of his supervised release term. *See United States v. Paul*, 274 F.3d 155, 159–60, 167–70 (5th Cir. 2001) (upholding absolute three-year ban on computers and the internet). In addition, Russell may petition his probation officer to be allowed access to the internet for work purposes. *See United States v. Miller*, 665 F.3d 114, 116, 126–34 (5th Cir. 2011) (upholding 25-year ban on computers and internet access devices, although the probation officer could authorize access to such items). Russell contends that his advanced age at the time he begins his supervised release term means the temporally limited

supervised release term should be construed as an effective lifetime ban. *See Duke*, 788 F.3d at 399–401 (striking down an absolute lifetime ban on computer or internet access); *but see Ellis*, 720 F.3d at 223–25 (upholding lifetime ban because the defendant could seek permission from the court to modify). Russell has not shown that the district court's imposition of a temporally-limited internet prohibition, from which he could seek exceptions, constitutes a clear or obvious error. *See Ellis*, 720 F.3d at 224–25; *Duke*, 788 F.3d at 399.

AFFIRMED.