FILED
United States Court of Appeals
Tenth Circuit

September 29, 2017

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

PETER PAUL AMAN,

    Defendant - Appellant.

No. 17-3115
(D.C. Nos. 6:17-CV-01001-JTM and
6:04-CR-10244-JTM-1)
(D. Kan.)

_____

**ORDER
DENYING CERTIFICATE OF APPEALABILITY**
_____

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.
_____

Defendant-Appellant Peter Paul Aman, a federal inmate appearing pro se, seeks a certificate of appealability ("COA") to appeal from the district court's dismissal of his 28 U.S.C. § 2255 motion to vacate his sentence. United States v. Aman, No. 6:04-CR-10244-JTM, 2017 WL 1437313 (D. Kan. Apr. 24, 2017). To obtain a COA, Mr. Aman must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). Because Mr. Aman has not made such a showing, we deny a COA and dismiss the appeal.

In 2005, Mr. Aman pled guilty and was sentenced to 15 years for unlawful receipt and distribution of child pornography. 18 U.S.C. § 2252(a)(2). Mr. Aman sought to appeal, but we granted the government's motion to enforce the plea agreement which

contains a waiver of the right to appeal or collaterally attack. <u>United States v. Aman</u>, No. 05-3161 (10th Cir. Nov. 9, 2005).

Mr. Aman again proceeds under § 2255 alleging that provisions in the statutory and sentencing guidelines punishing child pornography are similarly vague to those found unconstitutional in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). He also contends that a recent amendment to the Sentencing Guidelines should result in a reduction of his sentence. The district court granted the government's motion to enforce the plea agreement waiver and dismissed Mr. Aman's § 2225 motion and denied a COA. <u>Aman</u>, 2017 WL 1437313 at *2.

For this court to grant a COA, Mr. Aman must show that "reasonable jurists could debate whether…the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Slack</u>, 529 U.S. at 484 (citation and internal quotation marks omitted). On appeal, Mr. Aman renews his contentions, and specifically argues that Amendment 801 to the Sentencing Guidelines should result in the removal of a five-point enhancement under U.S.S.G. § 2G2.2. The district court correctly applied the <u>Hahn</u> factors to determine the enforceability of the waiver. <u>United States v. Hahn</u>, 359 F.3d 1315, 1325 (10th Cir. 2004). Its conclusions that the waiver applies and that, in any event, Amendment 801 is not retroactive, are not reasonably debatable.

We therefore DENY Mr. Aman's request for a COA, DENY his request to proceed IFP, and DISMISS his appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge