# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41095

United States Court of Appeals
Fifth Circuit

**FILED**
January 9, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RICHARD WAYNE BARTON,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before SMITH, BARKSDALE, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:

Richard Wayne Barton pleaded guilty, without a written agreement, to a three-count indictment charging him with distributing, receiving, and possessing child pornography.[1] The district court imposed a total sentence of 235 months in prison, 10 years of supervised release, and a $300 special assessment. Barton now challenges his convictions, sentences, and counsel's performance. We affirm his convictions and sentences and deny his ineffectiveness claim without prejudice to collateral review.

---

[1] *See* 18 U.S.C. §§ 2252A(a)(2)(B), (a)(5)(B).

No. 16-41095

## I.

In September 2014, a Houston-based task force alerted federal authorities to a child pornography website, "WeeLocked." Authorities traced the payments for the website's domain to Barton. The investigation also uncovered Barton's connection to another child pornography site, "FuzionCom."

Barton admitted operating both sites. From December 2, 2013 to August 27, 2014, he ran FuzionCom, paying $200 a month until the domain host took control of the site and locked Barton out. He also ran WeeLocked, which in Barton's words was a "test site" for FuzionCom and turned into a "child pornography trading site."[2] Barton defrayed the costs of running the websites by accepting "donations" from over 130 users. Barton acknowledged that those users—indeed, any visitor to his websites—could "log-in, create an[] account, . . . chat, e-mail, [and] trade videos and pictures." In his words, Barton repeatedly "upgrade[d]" and "re-created" WeeLocked. Each time he did so, he downloaded and re-uploaded all of the site's content, including child pornography. Barton also downloaded some of the illicit images himself, saving them to his external hard drive. On that drive were 200 gigabytes (and tens of thousands) of child pornography images and videos. Some of the illicit images had been on Barton's external drive for years.

After a grand jury indicted Barton for distributing, receiving, and possessing child pornography, he pleaded guilty to each charge without a written agreement. At rearraignment, the government recounted its evidence against Barton and asked the district court to elicit during allocution whether Barton understood that, by uploading the images back to the internet, he distributed

---

[2] Though Barton bought the WeeLocked domain as an "add on" the same day he bought FuzionCom, the record is unclear when this second website was shut down.

child pornography. So the court asked, "Do you understand, sir, that you distributed child pornography?" "Yes, sir," Barton answered. The district court found the plea supported by an independent basis in fact containing each essential element of the three charged offenses.

A probation officer then prepared a presentence report (PSR), which recapped, among other things, Barton's interview with investigators. According to the PSR, Barton admitted knowing that people used his website to trade and upload child pornography.

Using the 2015 edition of the advisory Sentencing Guidelines, the PSR estimated Barton's total offense level at 39. This accounted for a base level of 22, *see* U.S.S.G. § 2G2.2(a)(2), six enhancements—including a five-level increase under § 2G2.2(b)(3)(B)[3]—worth 20 levels, and a three-level markdown for acceptance of responsibility. Barton's offense level of 39, coupled with his category II criminal history, yielded a Guidelines range of 292 to 365 months in prison.

Barton objected to the five-level increase under the 2015 version of § 2G2.2(b)(3)(B). As he saw it, the enhancement applied only to those who distributed child pornography in exchange for more child pornography. Thus, Barton posited, because he did not engage in a quid pro quo, "actual" exchange but rather "just ma[de] something available on a website," the Guideline did not apply.

The district court disagreed, overruled all objections, and adopted the entire PSR. But the court also stated that, in crafting an "appropriate sentence," it would consider a proposed Guidelines amendment—Amendment 801—poised to take effect the next November. *See* U.S.S.G. app. C, amend. 801

---

[3] At the time, this provision required a five-level increase if the child pornography offense involved "[d]istribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." U.S.S.G. § 2G2.2(b)(3)(B) (2015).

No. 16-41095

(Supp. Nov. 1, 2016). The amendment, the government represented, would decrease Barton's offense level by two because § 2G2.2(b)(2)'s vulnerable victim enhancement would no longer apply. This two-level reduction, the parties agreed, would knock down the sentencing range to 235 to 293 months' imprisonment. Despite raising Amendment 801, the parties did not address its impact on § 2G2.2(b)(3)(B)—the five-level "thing of value" enhancement.

The district court repeated that it was "considering [the Guidelines] range as it would be in November as part of [the court's] consideration in this case as to the appropriate sentence." The court declined to "depart" from the then-current Guidelines, but would consider the post-amendment Guidelines in "considering a variance." After evaluating the 18 U.S.C. § 3553(a) factors and listening to Barton's allocution, the district court again stated that it would "vary from the applicable current Guideline[s] range in assessing a sentence."

Then the court announced its judgment: 235 months on Count 1 (distribution), 235 months on Count 2 (receipt), and 120 months on Count 3 (possession), all running concurrently. Barton received a ten-year term of supervised release on each count (also to run concurrently) and a $100 special assessment for each of the three convictions.

Barton objected that the sentence put "too much weight [on] the Sentencing Guidelines [and] the harm resulting from the offense," and too little weight on "Barton's personal characteristics." The district court overruled that objection, noting that it "underst[oo]d those arguments," and "[t]hat's why [the court was] sentencing Mr. Barton . . . even below the current Advisory Guidelines and at the very bottom of the Advisory Guidelines that would be in effect in November."

Barton raises several issues in this timely appeal. None is availing.

No. 16-41095

## II.

Barton first asserts that his distribution conviction under 18 U.S.C. § 2252A(a)(2)(B) is not tethered to sufficient facts. Because he raises this argument for the first time on appeal, however, he must demonstrate plain error—a difficult task, requiring him to show a clear and obvious error affecting his substantial rights. *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). And even if he clears those hurdles, we correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Escalante-Reyes*, 689 F.3d 415, 419 (5th Cir. 2012) (en banc) (alterations and quotation marks omitted).

Federal Rule of Criminal Procedure 11(b)(3) requires courts to "make certain that the factual conduct admitted by the defendant is sufficient as a matter of law to establish a violation of the statute to which he entered his plea." *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010) (alterations omitted). On plain error review, we take a wide look, examining "the *entire* record for facts supporting [the] guilty plea," including those in the plea colloquy, PSR, and sentencing hearing. *Id.* at 317. Reasonably drawn inferences from those facts are also fair game. *Id.*

Here, Barton does not dispute that he downloaded child pornography or made such images available on child-pornography-trading websites. Rather, he maintains that "there is no evidence" that any pornography he uploaded was "completely transferred to or downloaded by another person."

Section 2252A(a)(2)(B) does not define "distribute." But we have held that "downloading images and videos containing child pornography from a peer-to-peer computer network and storing them in a shared folder accessible to other users on the network" could "amount[] to distribution." *United States v. Richardson*, 713 F.3d 232, 236 (5th Cir. 2013). Distribution convictions have

No. 16-41095

passed muster in this circuit even without direct evidence that someone downloaded an image the defendant uploaded. *See United States v. Russell*, 668 F. App'x 104, 105 (5th Cir.) (mem.), *cert. denied*, 137 S. Ct. 399 (2016); *United States v. Roetcisoender*, 792 F.3d 547, 552 (5th Cir. 2015); *United States v. Cervantes-Perez*, 592 F. App'x 316 (5th Cir. 2015) (mem.). This approach recognizes that "[m]ore often than not the government lacks [direct] evidence [of distribution] because child pornography is not something people tend to download, possess, or distribute in the company of others." *United States v. Woerner*, 709 F.3d 527, 537 (5th Cir. 2013).

Were the government required to prove that users downloaded one of Barton's shared images, however, the evidence here permitted the district court fairly to infer such events. *Cf. Trejo*, 610 F.3d at 317. Take, for instance, Barton's signed admission that he distributed child pornography by administering a child pornography website. Or his similar oral confession in open court. Or his confession that he knew that the websites' users—some hundred-plus persons who gave Barton "donations" to run the pornography-trading sites—viewed, downloaded, and exchanged pornographic images that Barton repeatedly uploaded.

We see no error, let alone a plain one.

## III.

Barton's second argument fares no better. He asserts that his convictions and sentences for receiving and possessing child pornography are multiplicitous. Barton did not object to the indictment below, so we review only the validity of his sentences, not his convictions. *See United States v. Njoku*, 737 F.3d 55, 67 (5th Cir. 2013); Fed. R. Crim. P. 12(b)(3)(B)(ii). We may examine Barton's sentences for multiplicity—even if they run concurrently for identical periods—because the district court imposed a mandatory special assessment on

No. 16-41095

each count. *E.g.*, *United States v. Marroquin*, 885 F.2d 1240, 1245–46 (5th Cir. 1989).

The Double Jeopardy Clause's multiplicity doctrine "prohibits the Government from charging a single offense in several counts and is intended to prevent multiple punishments for the same act." *United States v. Kimbrough*, 69 F.3d 723, 729 (5th Cir. 1995). "Convictions are multiplicitous when the prosecution charges a single offense in more than one count." *United States v. Buchanan*, 485 F.3d 274, 278 (5th Cir. 2007) (quotation marks omitted). One way this happens is if "a defendant is charged with violating two different statutes, one of which is arguably the lesser included offense of the other." *Woerner*, 709 F.3d at 539. The relevant test here is "whether conviction under each statutory provision requires proof of an additional fact which the other does not." *Buchanan*, 485 F.3d at 278 (quotation marks omitted); *see also Blockburger v. United States*, 284 U.S. 299 (1932).

Barton posits that (1) possessing is a lesser-included offense of receiving child pornography because he could not "receive [it] without also possessing it," and (2) his punishments are multiplicitous because he received and possessed the same images. But even if possession is a lesser-included offense, Barton's jeopardy claim founders because he pleaded guilty to both crimes. "[A] defendant who pleads guilty to criminal charges may assert a claim of multiple punishments in violation of the Double Jeopardy Clause only if the violation is apparent on the face of the indictment or record." *United States v. Davila*, 53 F.3d 1280, 1995 WL 295851, at *4 (5th Cir. 1995) (quotation marks omitted)[4]; *see also United States v. Broce*, 488 U.S. 563, 569 (1989). That is a standard Barton does not meet.

---

[4] *Davila*, a 1995 case, binds us even though it issued as an unpublished decision. *See* 5th Cir. R. 47.5.3.

No. 16-41095

Though he may be right that *some* of the materials he received and possessed were indeed the exact same files, a complete overlap is not facially apparent from either the indictment or record. *See Davila*, 1995 WL 295851, at *4. The former charged disparate time periods, and the latter confirms that Barton received and possessed myriad different images from running two distinct child pornography websites.

We find no multiplicity problem.

## IV.

Nor did the district court reversibly err in calculating Barton's Guidelines range. The district court, Barton urges, procedurally erred by disregarding a pending Guidelines amendment and applying a five-level enhancement under the 2015 version of § 2G2.2(b)(3)(B). Barton preserved this challenge insofar as he argued below that the Guideline did not apply to mere file sharing. Our review, then, is for abuse of discretion. *United States v. Scott*, 821 F.3d 562, 567 (5th Cir. 2016). We "review the district court's interpretation of the Guidelines de novo, and its factual findings for clear error." *Id.* To be sure, miscalculating the Guidelines range is a "significant procedural error," but "not every procedural error will require outright reversal"—it is harmless if it "did not affect the district court's selection of the sentence imposed." *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009) (quotation marks omitted).

Barton does not assert that the district court misinterpreted the 2015 Guidelines under our precedent. The applicable version of § 2G2.2(b)(3)(B) called for the five-level increase if the child-pornography offense involved "[d]istribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." U.S.S.G. § 2G2.2(b)(3)(B) (2015). And in *United States v. Groce* we read that Guideline to include a defendant's knowing uploading of pornography to file sharing programs. 784 F.3d 291, 294–95 (5th Cir. 2015).

No. 16-41095

Barton instead contends that the district court's decision flouts Amendment 801—a supposedly "clarifying" amendment to § 2G2.2(b)(3)(B) and its commentary—that took effect three months after his sentencing.[5] We are unpersuaded because a district court should apply the Guidelines in effect at sentencing, *see* 18 U.S.C. § 3553(a)(4)(A)(ii), unless doing so "results in a harsher penalty than would application of the Guidelines in effect when the offense was committed," *United States v. Rodarte-Vasquez*, 488 F.3d 316, 322 (5th Cir. 2007).

Barton did not contend in his opening brief that Amendment 801 is retroactive, nor did he address any factors relevant to the retroactivity inquiry.[6] (Neither did he file a reply brief.) He therefore waived any such argument. *See United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010).[7]

Barton's sentences were procedurally reasonable.

## V.

The same is true for the sentences' substance. Barton argues that the district court imposed a substantively unreasonable sentence by varying below

---

[5] Amendment 801 explains that the five-level enhancement should apply where "the defendant *agreed to an exchange* with another person under which the defendant knowingly distributed to that other person *for the specific purpose* of obtaining something of valuable consideration from that other person." U.S.S.G. app. C, amend. 801, at 145 (emphases added). The commentary also disapproves of our *Groce* decision. *See id.*

[6] On appeal, a defendant may urge us to "consider amendments to the Guidelines that were not effective at the time of the commission of the offense or at the time of sentencing if they are intended only to *clarify*, rather than effect substantive changes." *United States v. Sanchez-Villarreal*, 857 F.3d 714, 719 (5th Cir. 2017) (quotation marks omitted). A retroactive amendment is "not controlling"; it is instead "evidence of the Sentencing Commission's intent behind the Guideline at issue." *Id.* at 719–20 (alterations and quotation marks omitted). Determining whether a Guidelines amendment is clarifying (retroactive) or substantive (not retroactive) implicates several, non-determinative factors—none of which Barton briefed. *See, e.g., id.*; *United States v. Huff*, 370 F.3d 454, 465–67 (5th Cir. 2004).

[7] The circuit courts that have addressed Amendment 801's retroactivity have arrived at different answers. *Compare United States v. Roberty*, 689 F. App'x 492, 493 (9th Cir. 2017) (holding, in view of the government's concession, that Amendment 801 is retroactive), *with United States v. Aman*, 697 F. App'x 939, 940 (10th Cir. 2017) (stating that Amendment 801 is not retroactive). *See also United States v. Hansen*, 859 F.3d 576, 578 (8th Cir. 2017) (listing arguments on both sides but resolving the predicate sentencing challenge on harmlessness grounds).

the applicable Guidelines range. He concedes, however, that this is an untested argument raised only on appeal. So we must look for plain error. *See United States v. Cancino-Trinidad*, 710 F.3d 601, 605 (5th Cir. 2013).[8] We see none.

Barton's basic point is that the district court should have given him an even greater downward variance than the one he received. He first notes that the parties (mistakenly) believed that the post-amendment Guidelines would have put Barton's range at 235 to 293 months. Then he underscores the district court's intent to "sentenc[e] Mr. Barton below . . . the current Advisory Guidelines and at the very bottom of the Advisory Guidelines that would be in effect" after Amendment 801. The error, in Barton's view, is that the *correct* range after applying the amendment should have been 135 to 168 months. Thus, he argues, his sentence is substantively unreasonable because he got more than 135 months in prison.

On our facts, it follows that because the district court did not err procedurally, it did not err substantively—especially on plain-error review of a variant sentence. The district court considered the pending amendment as part of a "variance," not a "departure," from the Guidelines. Those semantics matter: a "departure" refers only to sentences imposed under the advisory Guidelines framework, whereas a "variance" rests outside the Guidelines apparatus and stems instead from 18 U.S.C. § 3553(a)'s sentencing factors. *See Gomez v. U.S. Parole Comm'n*, 829 F.3d 398, 402 (5th Cir.), *cert. denied*, 137 S. Ct. 528 (2016). By varying instead of departing, the district court confirmed its understanding that the then-applicable Guidelines—that is, the 2015 Guideline without Amendment 801—yielded a range of 292 to 365 months in prison.

---

[8] Barton's counsel objected at sentencing that the court put "too much weight [on] the Sentencing Guidelines [and] the harm resulting from the offense," and too little weight on "Barton's personal characteristics." He does not advance those objections here.

That is important because we presume that *within*-Guidelines sentences are substantively reasonable. *See United States v. Rodriguez-De la Fuente*, 842 F.3d 371, 374 (5th Cir. 2016). This presumption would have attached to a sentence between 292 to 365 months. But the court imposed less time—a *below*-Guidelines term of 235 months. Below-Guidelines sentences like this one are presumed substantively reasonable, as well. *See United States v. Murray*, 648 F.3d 251, 257–58 (5th Cir. 2011) (citing *United States v. Goodman*, 307 F. App'x 811, 812 (5th Cir. 2009)). And in asserting that this downward variance was substantively unreasonable, Barton does not address the factors germane to defeating the presumption. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009) (noting that the presumption of reasonableness "is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, . . . gives significant weight to an irrelevant or improper factor, or . . . represents a clear error of judgment in balancing sentencing factors").

We therefore find no reversible error.

## VI.

The last issue Barton asks us to consider is whether his sentencing counsel provided ineffective assistance. This is a matter we need not reach here. Sixth Amendment ineffectiveness claims "should not be litigated on direct appeal, unless they were previously presented to the trial court" or the record is adequate for the appellate court "fairly [to] evaluate the merits" of that claim. *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014) (quoting *United States v. Aguilar*, 503 F.3d 431, 436 (5th Cir. 2007)). Those are rare cases. Barton's is not among them. We therefore deny his Sixth Amendment claim without prejudice to collateral review. *Cf. id.* (taking the same approach).

\* \* \*

AFFIRMED.