# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40511
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 25, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRUCE ALLEN RUTHERFORD, also known as Allen Bruce Rutherford,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:17-CR-41-1

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Bruce Allen Rutherford appeals his guilty plea conviction of possessing child pornography and the resulting prison sentence of 150 months. Rutherford first argues that the district court erred in finding at his plea hearing that he "knowingly" possessed the child pornography. In the district court, Rutherford did not challenge the factual basis for his plea, so our review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40511

*States v. Barton*, 879 F.3d 595, 598 (5th Cir.), *cert. denied* 139 S. Ct. 167 (2018). But we do not see any error here.  Rutherford signed the following factual basis that repeatedly admits his knowledge:

> Rutherford knew that the images and videos he possessed depicted children engaged in sexually explicit conduct and did constitute child pornography.  Rutherford also know that he possessed more than 600 images and videos of child pornography, including files depicting prepubescent minors and sadistic or masochistic abuse.  Further, Rutherford knew that, through the peer-to-peer file sharing program he used, files he possessed were made available and distributed to other users.

His colloquy at the plea hearing is not inconsistent with these admissions. Rutherford's argument that there was insufficient evidence of this element to support the plea is frivolous.

His argument that his sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), is also way off the mark.  The claim rests on the increase in the statutory maximum, from 10 to 20 years, that results when the offense involved "any image" of "a prepubescent minor or a minor who had not attained 12 years of age."  18 U.S.C. § 2252A(b)(2).  But the district court did not find this element that increases the statutory maximum as a judicial determination at sentencing, which is what *Alleyne,* 570 U.S. at 102-118, and *Apprendi,* 530 U.S. at 468-96, address.  Rather, the court found the "under 12" element proven at the plea hearing.  *Apprendi* of course does not prevent a defendant from pleading guilty to a crime.  So like the first argument, this one comes down to whether there was a factual basis for the court to accept Rutherford's admission of this element.  And, again, there was more than sufficient evidence to allow the court to accept that plea given both the factual basis Rutherford signed and his oral acceptance of the government's recitation of his offense conduct.

No. 18-40511

Rutherford's final argument is a preserved challenge to a sentencing enhancement for possession of more than 600 images and videos of child pornography. U.S.S.G. § 2G2.2(b)(7)(D). We see no clear error in application of that provision. Rutherford's agreement with the factual basis and his statements at the plea hearing are adequate to support the number-of-images enhancement. *See United States v. Malone*, 828 F.3d 331, 337 (5th Cir. 2016).

The judgment of the district court is AFFIRMED.