# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50599
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 22, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLA DOMINGUEZ, also known as Karla Dominguez, also known as Karla Denise Dominguez, also known as Carla Dennise Dominguez,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:17-CR-2039-1

Before BENAVIDES, DENNIS, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Carla Dominguez appeals her below-guideline sentences of 180 months, imposed to run concurrently, following her jury trial conviction for two counts of conspiracy to possess a controlled substance and one count of possession with intent to distribute a controlled substance. Dominguez concedes that she failed to object to the sentence at the time that it was imposed and, thus, pursuant to this court's precedent, review is for plain error. *See United States v. Peltier*,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50599

505 F.3d 389, 390-92 (5th Cir. 2007).  However, Dominguez disagrees with the application of the plain error standard and wishes to preserve the issue for further review.  To establish plain error, Dominguez must show a forfeited error that is clear or obvious and that affects her substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If she makes that showing, this court may exercise its discretion to correct the error "if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted) (alteration in original).  But Dominguez's contentions fail whether reviewed under the plain error standard or under the abuse-of-discretion standard applicable to errors properly preserved for review.  *See United States v. Johnson,* 619 F.3d 469, 471-72 (5th Cir. 2010).

Dominguez argues that her 180-month sentences were excessive because they were driven by the Guideline applied to methamphetamine offenses that was not developed based on empirical data and, thus, it overstated the significance of the type and quantity of drug involved.  The court has rejected an argument that a sentence is substantively unreasonable because the drug guideline relied upon lacks an empirical basis.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

Next, Dominguez argues that the sentence was longer than necessary to punish a 37-year-old non-violent offender, with no prior drug or felony convictions.  She contends that her personal history and the circumstances of her offense mitigated the seriousness of her conduct and rebutted any presumption of reasonableness afforded the sentence.

"In reviewing a non-guidelines sentence for substantive unreasonableness, the court will consider the totality of the circumstances, including the extent of any variance from the Guidelines range" and "whether

2

the 18 U.S.C. § 3553(a) factors support the sentence." *United States v. Key,* 599 F.3d 469, 475 (5th Cir. 2010) (internal quotations and citation omitted). Because Dominguez's sentence is below the properly calculated guidelines range, it is presumptively reasonable. *See United States v. Barton*, 879 F.3d 595, 602 (5th Cir.), *cert. denied,* 139 S. Ct. 167 (2018). The presumption of reasonableness "is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The district court heard Dominguez's testimony at trial and considered her counsel's mitigating arguments in the sentencing memorandum and at the sentencing hearing, in addition to hearing Dominguez's allocution. Further, it considered the presentence report that addressed the circumstances surrounding Dominguez's instant drug offense, her personal history and characteristics, including her family circumstances, and the non-violent nature of her prior offenses. The district court's written statement of its reasons for the sentence reflects that it varied downward based on the mitigating evidence presented by the defense.

Dominguez has not shown that the district court considered an improper factor, failed to consider a relevant factor, or committed a clear error of judgment in balancing the § 3553(a) factors. *See Cooks*, 589 F.3d at 186. In view of the foregoing, Dominguez has failed to rebut the presumption of reasonableness applicable to her below-guidelines sentence. *See Cooks,* 589 F.3d at 186; *see also United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Dominguez has failed to show that the district court committed error, plain or otherwise. *See Puckett,* 556 U.S. at 135; *Johnson,* 619 F.3d at 471-72.

No. 18-50599

Accordingly, the district court's judgment is AFFIRMED.