# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-41009

United States Court of Appeals
Fifth Circuit

**FILED**
March 6, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

  Plaintiff - Appellee

v.

EUGENIO CERDA,

  Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:18-CR-5-1

Before KING, JONES, and COSTA, Circuit Judges.

PER CURIAM:*

The defendant in this case argues that the district court failed to establish an adequate factual basis for his guilty plea. Because he does not claim that the purported error affected his decision to plead guilty, we affirm.

**I.**

Defendant–appellant Eugenio Cerda pleaded guilty to: (1) conspiring to possess 400 grams of fentanyl with the intent to distribute, in violation of 21

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-41009

U.S.C. §§ 841(a)(1), 846, and (2) money-laundering conspiracy, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), (h). Before the change-of-plea hearing, Cerda and the government filed a statement of stipulated facts, and Cerda testified at the hearing that he had read and agreed with the contents of that statement. According to the statement, Cerda had couriers travel from Texas to "Louisiana and elsewhere" to collect proceeds of drug sales for him. Those proceeds would then be "forwarded . . . to Mexico" by Cerda's codefendant David Pantoja-Orozco, whom the statement describes as a "distributor and money launderer." Per his plea agreement, the district court sentenced Cerda to concurrent terms of 210 months' imprisonment on each of the two counts of conviction, to be followed by five years' supervised release on the drug count and three years' supervised release, to run concurrently, on the money-laundering count. Cerda timely appealed.[1]

## II.

"Federal Rule of Criminal Procedure 11(b)(3) requires courts to 'make certain that the factual conduct admitted by the defendant is sufficient as a matter of law to establish a violation of the statute to which he entered his plea.'" *United States v. Barton*, 879 F.3d 595, 599 (5th Cir. 2018) (quoting *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010)). Cerda appeals his conviction on this basis, but only as to the money-laundering count. The relevant statute provides that it is unlawful to "conduct[] or attempt[] to conduct" a "financial transaction" involving the proceeds of certain "specified unlawful activit[ies]"[2] while knowing both "that the property involved . . . represents the proceeds of some form of unlawful activity" and "that the

---

[1] Although Cerda waived his right to appeal his conviction and sentence, the government concedes that the waiver does not bar this appeal. *See, e.g., United States v. Nepal*, 894 F.3d 204, 208 n.3 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 831 (2019).

[2] Specified unlawful activities include dealing in controlled substances. *See* 18 U.S.C. §§ 1956(c)(7)(A), 1961(1)(D); *United States v. Fuller*, 974 F.2d 1474, 1478 (5th Cir. 1992).

transaction is designed in whole or in part . . . to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds." § 1956(a)(1). Cerda asserts that the stipulated facts did not establish his guilt under this statute because they said nothing about a design to conceal or disguise the nature, location, source, ownership, or control of the drug proceeds.

"Because he raises this argument for the first time on appeal," Cerda "must demonstrate plain error." *Barton*, 879 F.3d at 598. That is, he must show "that a clear and obvious error affected his substantial rights." *United States v. Nepal*, 894 F.3d 204, 208 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 831 (2019). If he makes such a showing, we will correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 208-09 (quoting *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1906 (2018)). Our review encompasses all the facts available to the district court and "[r]easonably drawn inferences from those facts." *Barton*, 879 F.3d at 599.

## III.

## A.

"An error is plain, in this context, if it is 'clear or obvious' what the government must prove to establish the offense, and, notwithstanding that clarity, the district court accepts a defendant's guilty plea without an adequate factual basis." *United States v. Alvarado-Casas*, 715 F.3d 945, 951 (5th Cir. 2013). It is clear that:

> To obtain a conviction under § 1956(a)(1)(B)(i), the government must prove that [the defendant]: (1) conducted or attempted to conduct a financial transaction, (2) which he knew involved the proceeds of unlawful activity, (3) with the intent either to conceal or disguise the nature, location, source, ownership, or control of the proceeds of unlawful activity.

3

No. 18-41009

*United States v. Pipkin*, 114 F.3d 528, 533-34 (5th Cir. 1997) (footnote omitted). The third element may be proven by showing that "the transaction is part of a larger scheme designed to conceal illegal proceeds." *United States v. Ismoila*, 100 F.3d 380, 390 (5th Cir. 1996).

Cerda admitted that he had couriers "travel across state lines to Louisiana and elsewhere to collect currency from customers and return it to [him]" and that Pantoja-Orozco "then forwarded the narcotics proceeds to Mexico." And Cerda admitted that Pantoja-Orozco was a "distributor and money launderer." From these facts, the government argues that the district court could have inferred that Cerda gave Pantoja-Orozco the drug proceeds and that he did so, at least in part, in order to launder them. By contrast, Cerda argues that "[n]o evidence was before the District Court to establish that any of the drug conspirators had a plan or scheme to launder money."

## B.

We need not decide whether the district court committed a clear or obvious error, because Cerda fails to demonstrate that any error prejudiced him. Prejudice, in this context, would be "a reasonable probability that but for the error, he would not have pleaded guilty." *Alvarado-Casas*, 715 F.3d at 951. Cerda makes no argument to this effect.

Indeed, there is reason to believe that Cerda was not prejudiced. Because Cerda had two prior felony drug convictions, at trial the government would have sought a mandatory life sentence under the drug count alone. *See* § 841(b)(1)(A)(vi) (2017).[3] And he faced up to twenty years in prison under the money-laundering charge. *See* § 1956(a)(1). By pleading guilty to both counts,

---

[3] This statute has since been amended. *See* First Step Act of 2018, Pub. L. No. 115-391, § 401(a)(1)(ii), 132 Stat. 5194, 5220. Under the current version of the statute, Cerda would have faced a minimum sentence of twenty-five years in prison. *See* § 841(b)(1) (2018).

## No. 18-41009

Cerda secured a total sentence of 210 months' imprisonment.[4] In light of the substantial evidence of a drug conspiracy that the government had compiled—including repeated seizures and controlled purchases of several kilograms of cocaine and fentanyl, as well as wiretapped phone calls between Cerda and his codefendants—it is understandable that Cerda does not assert that he would have rather proceeded to trial. But because he does not, there is no relief for us to provide. *See United States v. London,* 568 F.3d 553, 560 (5th Cir. 2009).

### IV.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[4] Under Cerda's plea agreement, if the district court had not agreed to sentence Cerda to 210 months' imprisonment, Cerda would have been given the opportunity to withdraw his plea. *See* Fed. R. Crim. P. 11(c)(1)(C).