# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-30527
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
May 24, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Frederick C. Walker,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:21-CR-162-1

---

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:[*]

Frederick C. Walker pleaded guilty to conspiring to distribute and possess with intent to distribute methamphetamine. He received a below-Guidelines sentence of 292 months of imprisonment, to be followed by five years of supervised release. On appeal, Walker argues that the district court erred by applying several sentencing enhancements, and therefore that it

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

incorrectly calculated his offense level under the Sentencing Guidelines. He further contends that the sentence was substantively unreasonable.

We review the district court's interpretation or application of the Sentencing Guidelines de novo, and we review its factual findings for clear error. *See United States v. Muniz*, 803 F.3d 709, 712 (5th Cir. 2015).

The record supports a two-level sentencing enhancement for possession of a firearm during the offense. *See* U.S.S.G. § 2D1.1(b)(1); *United States v. King*, 773 F.3d 48, 53 (5th Cir. 2014). Next, the district court could plausibly conclude from the findings in the presentence report (PSR) and from the record as a whole that distribution of methamphetamine was a primary purpose of Walker's residence. Therefore, the court did not err by applying a two-level sentencing enhancement for maintaining a premises for the purpose of drug distribution. *See* U.S.S.G. § 2D1.1(b)(12); U.S.S.G. § 2D1.1, comment. (n.17); *United States v. Guzman-Reyes*, 853 F.3d 260, 263 (5th Cir. 2017); *see also United States v. Galicia*, 983 F.3d 842, 844-45 (5th Cir. 2020). Further, the district court could reasonably infer from the findings in the PSR that Walker was a leader or organizer in the criminal activity. Therefore, the district court did not err by applying a four-level sentencing enhancement under U.S.S.G. § 3B1.1(a). *See United States v. Caldwell*, 448 F.3d 287, 293 (5th Cir. 2006). Walker presented no evidence rebutting the facts in the PSR as inaccurate or materially untrue. *See United States v. Huerta*, 182 F.3d 361, 364 (5th Cir. 1999).

Finally, by advocating for a lower sentence in the district court, Walker preserved his challenge to his sentence, *see Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766 (2020), and our review is for abuse of discretion, *Gall v. United States*, 552 U.S. 38, 51 (2007). Because Walker's sentence of 292 months of imprisonment is below the properly calculated Guidelines range, it is presumptively reasonable. *See United States v. Barton*,

No. 22-30527

879 F.3d 595, 602 (5th Cir. 2018). We have rejected Walker's argument that a below-Guidelines sentence is substantively unreasonable because the applicable methamphetamine Guideline lacks an empirical basis. *See United States v. Lara*, 23 F.4th 459, 486 (5th Cir. 2022), *cert. denied*, 142 S. Ct. 2790 (2022); *see also United States v. Duarte*, 569 F.3d 528, 530-31 (5th Cir. 2009). In addition, he fails to rebut the presumption that his sentence is reasonable. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

    AFFIRMED.