# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 10, 2024

Lyle W. Cayce
Clerk

No. 23-10851
Summary Calendar

―――――――――

United States of America,

*Plaintiff—Appellee*,

*versus*

Frederick Francis Goltz,

*Defendant—Appellant*.

―――――――――――――――――――――――――

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:23-CR-5-1

―――――――――――――――――――――――――

Before Jolly, Jones, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Frederick Francis Goltz appeals his conviction for sending interstate threatening communications, in violation of 18 U.S.C. § 875(c). He challenges the knowing and voluntary nature of his guilty plea and the sufficiency of the factual basis. Federal Rule of Criminal Procedure 11 "ensures that a guilty plea is knowing and voluntary by requiring the district

―――――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

court to follow certain procedures before accepting such a plea," *United States v. Brown*, 328 F.3d 787 789 (5th Cir. 2003) (internal quotation marks and citation omitted), including confirming that the defendant understands the elements of the offense and that there is a factual basis for the guilty plea, *see* FED. R. CRIM. P. 11(b)(1)(G), (b)(3).

Because Goltz failed to object in the district court, we review his claims for plain error. *See United States v. Vonn*, 535 U.S. 55, 58-59 (2002). To prevail, Goltz must identify (1) a forfeited error (2) that is clear or obvious, rather than subject to reasonable dispute, and (3) that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he satisfies the first three requirements, this court may, in its discretion, remedy the error if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* On plain error review, we may examine the entire record, including the plea colloquy, presentence report, and sentencing hearing, and we may draw reasonable inferences from the facts. *United States v. Barton*, 879 F.3d 595, 599 (5th Cir. 2018).

Because the statute of Goltz's conviction—18 U.S.C. § 875(c)—criminalizes speech, it only applies to statements that are not protected by the First Amendment, such as true threats. *See United States v. Morales*, 272 F.3d 284, 287 (5th Cir. 2001); *see also Watts v. United States*, 394 U.S. 705, 707-08 (1969). In determining whether a statement is a true threat, we ask whether the communication at issue would place a reasonable recipient in apprehension. *United States v. Daughenbaugh*, 49 F.3d 171, 173-74 (5th Cir. 1995) (construing 18 U.S.C. § 876); *see Morales*, 272 F.3d at 287.

Goltz argues that his statements were not true threats under § 875(c), meaning that the factual basis for his guilty plea was insufficient. *See United States v. Marek*, 238 F.3d 310, 314 (5th Cir. 2001) (en banc). However, we have reviewed the record and conclude that Goltz has failed to show that it is

clear or obvious that the factual basis for his plea was inadequate. *See Puckett*, 556 U.S. at 135; *Barton*, 879 F.3d at 599.

Regarding his argument that statements made on social media cannot constitute threats as a matter of law, Goltz cites to no binding authority on point and, in any event, fails to show a clear or obvious error. *See United States v. Perez*, 43 F.4th 437, 439, 443-44 (5th Cir. 2022), *cert. denied*, 143 S. Ct. 796 (2023); *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009). Also, Goltz's arguments that his statements were too vague to constitute true threats fall short of showing clear or obvious error. *See Perez*, 43 F.4th at 443-44; *United States v. Reynolds*, 381 F.3d 404, 406 (5th Cir. 2004); *Morales*, 272 F.3d at 285-88.

Citing *Counterman v. Colorado*, 600 U.S. 66 (2023), Goltz argues that mere advocacy of illegal action is protected by the First Amendment. *Counterman* held that, with respect to incitement offenses, the speaker must intend to "produce imminent disorder," as opposed to merely advocating for the commission of illegal acts. *Id.* at 76. However, the Court explicitly distinguished incitement offenses from threat offenses. *Id.* at 81-82. Therefore, Goltz fails to demonstrate a clear or obvious error on this basis. *See Puckett*, 556 U.S. at 135.

We have repeatedly noted that the context in which the statement was made is critical in determining whether it was a true threat. *See, e.g.*, *Morales*, 272 F.3d at 288; *see also Watts*, 394 U.S. at 707-08. Goltz argues that a true threat must create fear that "its originator," as opposed to a third party, "will act according to its tenor," and he argues that this requirement was not met in his case. *Morales*, 272 F.3d at 287. While Goltz's statements about the victim did not explicitly threaten that he himself would take action, his other comments indicated that he was personally willing to commit violent acts. In light of this context, there is no clear or obvious error in the conclusion that

a reasonable recipient would believe that Goltz's comments were serious threats and that Goltz himself would act in accordance with the tenor of his posts about the victim. *See Puckett*, 556 U.S. at 135; *Daughenbaugh*, 49 F.3d at 173-74.

Goltz questions whether the response to his posts supports the conclusion that his statements were true threats, *see Watts*, 394 U.S. at 706; *Morales*, 272 F.3d at 286, but the reactions of law enforcement agencies and the victim himself indicate that Goltz's remarks were perceived as serious threats. Also, the fact that "political rhetoric" accompanies a threat "furnishes no constitutional shield" in and of itself. *Daughenbaugh*, 49 F.3d at 174. Further, it is neither clear nor obvious that his posts were merely hyperbolic, humorous, or rhetorical. *See Puckett*, 556 U.S. at 135. Finally, Goltz's comments about the victim were not clearly or obviously hypothetical or conditional. *See id.*; *Watts*, 394 U.S. at 708.

Accordingly, the district court did not plainly err by finding that a reasonable person would interpret Goltz's statements about the victim as a true threat. *See Daughenbaugh*, 49 F.3d at 173-74. At best, the threatening nature of Goltz's statements is "subject to reasonable dispute," and "[b]y definition, that is not plain error." *United States v. Broussard*, 669 F.3d 537, 550 (5th Cir. 2012).

Although Goltz also argues that the magistrate judge who took his guilty plea failed to explain the elements of his offense adequately, the Rule 11 admonishments followed this circuit's pattern jury instructions. *See United States v. Jones*, 969 F.3d 192, 199 (5th Cir. 2020); *United States v. Turner*, 960 F.2d 461, 464 (5th Cir. 1992). Goltz cites no binding precedent holding that the Rule 11 admonishments for a § 875(c) offense must include a detailed

No. 23-10851

definition of a "true threat." *See Evans*, 587 F.3d at 671. Goltz fails to demonstrate a clear or obvious error. *See Puckett*, 556 U.S. at 135.

AFFIRMED.