# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 11, 2021

Lyle W. Cayce
Clerk

No. 19-50481

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MICHAEL ANTHONY ESCAJEDA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:18-CR-239-1

Before JOLLY, HAYNES, and OLDHAM, *Circuit Judges*.

E. GRADY JOLLY, *Circuit Judge*:

Michael Anthony Escajeda pled guilty to three drug distribution charges and being a felon in possession of a firearm. On appeal, he challenges whether the factual basis to which he agreed was sufficient to support the conspiracy drug distribution charge. He also argues that the oral pronouncement of his sentence conflicted with the written judgment. We AFFIRM the sufficiency of the factual basis to support the conspiracy charge. But we REMAND for the limited purpose to allow the district court to amend the written judgment to conform to the oral sentence.

No. 19-50481

## I.

As part of his guilty plea, Escajeda agreed to an oral factual basis provided by the government. According to this factual basis, a government informant contacted the Midland, Texas police department, saying that he could purchase cocaine from Escajeda. Officers met with the informant, gave him a recording device and documented narcotics money, and instructed the informant to make a controlled buy. The informant met with Escajeda and bought cocaine. This same scenario repeated itself a second time. The officers then approached Escajeda at his home, received his consent to search the house, and found over 100 grams of cocaine. They also found a Glock, ammunition, and over $6,000 in cash.

Officers Mirandized Escajeda, who then admitted that he had been selling between four and five ounces of cocaine per week since being released from prison about a year earlier. Escajeda also stated that he had not had a job outside of cocaine distribution for the last six or seven years and that the cash the officers found was from narcotics sales.

Because Escajeda had a prior felony conviction, the government charged him with being a felon in possession of a firearm as well as two counts of possession of a controlled substance with the intent to distribute. It also charged him with conspiracy to possess with intent to distribute a controlled substance. Escajeda pled guilty to all four charges and was sentenced to 162 months in prison. At sentencing, the district court also stated that upon his release, Escajeda would be placed on supervised release for five years for the conspiracy charge and three years for each of the other charges—to run concurrently, "[s]o five years total, basically."

Escajeda appeals. He argues that the factual basis provided by the government was inadequate to support all the elements of his conspiracy charge. And he also challenges the fact that the written terms of supervised

release—which provide for five years on each count—are inconsistent with those orally imposed by the sentencing judge.

## II.

A guilty plea must comply with Federal Rule of Criminal Procedure 11, which, among other things, requires a court to determine that there is a factual basis for the plea before entering judgment. FED. R. CRIM. P. 11(b)(3). The sentencing court must "make certain that the factual conduct admitted by the defendant is sufficient as a matter of law to establish a violation of the statute to which he entered his plea." *United States v. Nepal*, 894 F.3d 204, 208 (5th Cir. 2018). This court reviews guilty pleas for compliance with Rule 11, usually under the clearly erroneous standard. *United States v. Garcia-Paulin*, 627 F.3d 127, 130–31 (5th Cir. 2010). But "when the defendant does not object to the sufficiency of the factual basis of his plea before the district court—instead raising for the first time on appeal . . . our review is restricted to plain error." *Nepal*, 894 F.3d at 208. On plain error review, if the defendant establishes that (1) there was an error; (2) the error was plain; and (3) the error affected the defendant's substantial rights, this court may grant relief if it decides that the error had a "serious effect on the fairness, integrity or public reputation of judicial proceedings." *Greer v. United States*, 141 S. Ct. 2090, 2096–97 (2021).

When we undertake plain error review to determine whether a plea has a sufficient factual basis, this court takes a "wide look." *Nepal*, 894 F.3d at 208. This process involves examining the entire record for facts supporting the guilty plea and drawing reasonable inferences from those facts to determine whether the conduct to which the defendant admits satisfies the elements of the offense charged. *Id.*

No. 19-50481

## III.

Escajeda's singular challenge to the factual basis supporting his guilty plea is that there was no proof of a drug conspiracy. To prove a drug conspiracy, the government must show (1) an agreement between two or more persons to violate narcotics laws; (2) knowledge of the agreement; and (3) voluntary participation in the agreement. *United States v. Suarez*, 879 F.3d 626, 631 (5th Cir. 2018); *cf.* 21 U.S.C. § 841(a)(1), (b)(1)(B) (criminalizing possession with intent to distribute cocaine); § 846 (criminalizing any such conspiracy).

Two interrelated strands of caselaw appear, at first glance, to provide colorable arguments that the factual basis lacked substantial proof of a conspiracy. First, a single buy-sell agreement cannot constitute a conspiracy under the "buyer-seller" exception—a rule that "shields mere acquirers and street-level users . . . from the more severe penalties reserved for distributors." *United States v. Delgado*, 672 F.3d 320, 333 (5th Cir. 2012) (en banc). But Escajeda made two sales to the government informant, so this exception cannot cover him. Second, and somewhat more persuasive, is the fact that an "agreement" with a government informant cannot be the basis for a conspiracy conviction because the informant does not share the requisite criminal purpose. *Id.* at 341; *cf. Sears v. United States*, 343 F.2d 139, 142 (5th Cir. 1965) ("[T]here can be no indictable conspiracy with a government informer who secretly intends to frustrate the conspiracy."). So the two controlled buys cannot serve as proof of a conspiracy, since both involved Escajeda selling cocaine to a government informant.

Nevertheless, the factual basis is not deficient. A drug distribution conspiracy agreement—and the conspiracy itself—may be "tacit" and inferred from "circumstantial evidence," "presence," and "association." *United States v. Akins*, 746 F.3d 590, 604 (5th Cir. 2014); *United States v.*

4

*Crooks*, 83 F.3d 103, 106 (5th Cir. 1996).  And here, the factual basis contains plenty of circumstantial evidence of Escajeda's involvement in a drug distribution conspiracy.  For example, sizeable amounts of cash, large quantities of drugs, and the presence of weapons have all served as proof for drug conspiracy charges in this court's caselaw.  *See*, *e.g.*, *Suarez*, 879 F.3d at 631 (describing guns and "distributable quantities" of drugs as providing proof of a conspiracy); *Crooks*, 83 F.3d at 107 (noting the defendant's possession of "nearly $1400 in cash" as proof of a conspiracy); *United States v. Maseratti*, 1 F.3d 330, 338–39 (5th Cir. 1993) (furnishing large quantities of drugs, including having a "trunkful" of marijuana, as proof of a conspiracy).[1] All of these items were found at Escajeda's home.

Furthermore, an individual "need not know all the details of the unlawful enterprise . . . so long as he knowingly participates in some fashion in the larger objectives of the conspiracy."  *United States v. Booker*, 334 F.3d 406, 411 (5th Cir. 2003); *cf. Rogers v. United States*, 340 U.S. 367, 375 (1951) (clarifying that "the identity of the other members of the conspiracy is not needed" since a person "can be convicted of conspiring with persons whose names are unknown").  The factual basis includes statements by Escajeda that he had not had a job outside of cocaine distribution for the last six or seven years and that he sold four to five ounces of cocaine a week for the past

---

[1] There is some discrepancy in the caselaw as to whether a large quantity of drugs alone may serve as sufficient proof of a conspiracy.  *Compare Delgado*, 672 F.3d at 334 (stating that although "possession of a large quantity of drugs"—in that case 500 pounds— "is not, by itself, sufficient to support a conspiracy conviction," it "can help justify the inference that more than one person must be involved in moving the large quantity toward its ultimate dispersal"), *with United States v. Michelena-Orovio*, 719 F.2d 738, 751–52 (5th Cir. 1983) (finding that a single act of importing twelve tons of marijuana, "more than mere mortals could personally consume in a lifetime," was enough to prove a conspiracy to possess with intent to distribute).  But since Escajeda was also found with a sizeable amount of cash and a gun, we need not wade into that issue here, except to say that the difference in quantities may be dispositive.

year.  The government need not discover and name Escajeda's buyers or suppliers to prove that he "knowingly participate[d] in some fashion in the larger objectives" of a conspiracy to distribute drugs.  The evidence here—including Escajeda's statements—is enough.

In short, there was no error, let alone a plain one that affected Escajeda's substantial rights.  *Cf. United States v. Smith*, 997 F.3d 215, 224-25 (5th Cir. 2021) (finding plain error that affected the defendant's substantial rights because he would not have pleaded guilty under the circumstances).  The evidence found at Escajeda's home, along with his statements to law enforcement, clearly show that that he was involved in a drug distribution conspiracy.

## IV.

Finally, Escajeda contends—and the government agrees—that the district court erred by entering a written judgment that included terms of supervised release different from those orally pronounced.  The district court orally sentenced Escajeda to five years of supervised release on the conspiracy charge and three years on each of the other charges; on the other hand, the written terms of supervised release provide for five years on each count.  This scrivener's error should be corrected.  *Cf. United States v. Devine*, 934 F.2d 1325, 1348 (5th Cir. 1991).  Federal Rule of Criminal Procedure 36 is "normally used" to make such corrections.  *See* FED. R. CRIM. P. 36; *United States v. Spencer*, 513 F.3d 490, 491 (5th Cir. 2008).  We therefore remand to the district court for the limited purpose of modifying the terms of supervised release so they are consistent with the court's oral pronouncement at sentencing.

AFFIRMED; REMANDED for the limited purpose described herein.