# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2021

Lyle W. Cayce
Clerk

No. 20-50787

United States of America,

*Plaintiff—Appellee*,

*versus*

Johnny Espinosa,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:20-CR-15-1

Before Jones, Smith, and Haynes, *Circuit Judges*.

Per Curiam:*

Appellant Johnny Espinosa pled guilty to one count of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). Espinosa now, for the first time, maintains that the factual basis for his plea is insufficient to establish that he conspired with others to distribute the methamphetamine.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50787

We disagree; the factual basis is sufficient to support Espinosa's conspiracy charge.  The judgment of the district court is  AFFIRMED.

## I.    Background

Detectives with the Midland, Texas Police Department received information from a cooperating source in October 2019 indicating that Appellant Johnny Espinosa was distributing methamphetamine.    The detectives gave their source $600 to purchase methamphetamine from Espinosa as part of a controlled buy.  Espinosa agreed to sell the source two ounces (approximately 56 grams) of methamphetamine.[1]  But, when the source arrived at Espinosa's home to complete the transaction, Espinosa explained that he could only provide 42 grams and would have the other half ounce (approximately 14 grams) later.  The source arranged another controlled buy from Espinosa in December 2019 and once again purchased 42 grams of methamphetamine.  Espinosa also unsuccessfully tried to sell the source a shotgun.

Law enforcement officers executed a search warrant at Espinosa's residence in December 2019, shortly after the second sale.  They found "two firearms, plastic baggies, cutting agents, and digital scales."  The government filed a criminal complaint against Espinosa several days later for "knowingly and intentionally possess[ing] a quantity of methamphetamine with the intent to distribute" in violation of 21 U.S.C. § 841(a)(1).  A grand jury then indicted Espinosa in January 2020 on one count of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine in violation of

---

[1] The "average [methamphetamine] addict would generally use only about a quarter of a gram in order to 'stay up for the day.' Since one ounce contains 28.35 grams … ounce-quantity purchases [are] the equivalent of purchasing around 113 daily doses for an average user." *United States v. Sturgill*, 761 F. App'x 578, 586 (6th Cir. 2019).

No. 20-50787

21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A).[2] Espinosa signed a written plea agreement in February 2020. By doing so, Espinosa specifically affirmed that his attorney explained "all of the elements of the offense(s) to which [he entered] a plea of guilty." He also admitted that "he conspired with others to distribute and possess with intent to distribute fifty grams or more of actual methamphetamine."

After signing the plea agreement, Espinosa appeared before a magistrate judge and formally entered a plea of guilty. Espinosa also confirmed that he understood the plea agreement and agreed with its terms. He then reaffirmed that the facts set out in the plea agreement were "accurate, true[,] and correct[.]" After determining that Espinosa was "competent to stand trial . . ." and that his plea was "freely, knowingly and voluntarily made[,]" the magistrate judge recommended that the district court accept Espinosa's guilty plea. The district court then adopted the magistrate judge's findings and recommendation without objection and accepted the guilty plea.

The probation office prepared a presentence investigation report (PSR) that calculated a sentencing guideline range of 121 to 151 months based on a total offense level of 29 and a criminal history category of IV. Espinosa has three drug-related convictions, ranging from possession to delivery of a controlled substance.[3] The district court adopted the PSR and its application of the guidelines. It then sentenced Espinosa to a term of 141 months imprisonment and five years of supervised release. In doing so, the district court repeatedly emphasized Espinosa's extensive criminal history. Espinosa did not challenge the adequacy of the factual basis for his guilty plea

---

[2] It is unclear why Espinosa was indicted for conspiracy to possess with intent to distribute rather than for distribution alone as indicated in the original criminal complaint.

[3] A number of other drug-related charges against him were dismissed.

No. 20-50787

in district court, but he did timely appeal on that basis.  He contends that the district court plainly erred because the record does not provide "a sufficient basis to support the crime of conspiracy to distribute methamphetamine." And he further argues that the alleged error affected his substantial rights.

## II.     Standard of Review

"This court reviews guilty pleas for compliance with Rule 11 [of the Federal Rules of Criminal Procedure], usually under the clearly erroneous standard." *United States v. Escajeda*, 8 F.4th 423, 426 (5th Cir. 2021) (citing *United States v. Garcia-Paulin*, 627 F.3d 127, 130-31 (5th Cir. 2010)).  "But 'when the defendant does not object to the sufficiency of the factual basis of his plea before the district court—instead raising for the first time on appeal . . . our review is restricted to plain error.'" *Escajeda*, 8 F.4th at 426 (quoting *United States v. Nepal*, 894 F.3d 204, 208 (5th Cir. 2018)) (alteration in original).  "To establish eligibility for plain-error relief, a defendant must" demonstrate that (1) the district court committed an error; (2) the error was plain; and (3) the error affected his substantial rights. *Greer v. United States*, 141 S. Ct. 2090, 2096 (2021) (internal quotations and citations omitted).  A defendant's substantial rights are generally only affected if there is "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Id.* (quoting *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904-05 (2018)).  Once a defendant satisfies those three requirements, "an appellate court may grant relief if it concludes that the error had a serious effect on 'the fairness, integrity or public reputation of judicial proceedings.'" *Greer*, 141 S. Ct. at 2096-97 (quoting *Rosales-Mireles*, 138 S. Ct. at 1905).

"[T]he burden of establishing entitlement to relief for plain error is on the defendant claiming it, and . . . that burden should not be too easy for defendants [to overcome] . . . ." *United States v. Dominguez Benitez*,

542 U. S. 74, 82, 124 S. Ct. 2333, 2339 (2004). Put another way, "[s]atisfying all four prongs of the plain-error test 'is difficult.'" *Greer* , 141 S. Ct. at 2097 (quoting *Puckett v. United States*, 556 U. S. 129, 135, 129 S. Ct. 1423, 1429 (2009)).  In determining whether the defendant has met his burden, this Court "examin[es] the entire record for facts supporting the guilty plea and draw[s] reasonable inferences from those facts to determine whether the conduct to which the defendant admits satisfies the elements of the offense charged." *Escajeda*, 8 F.4th at 426 (citing *Nepal*, 894 F.3d at 208).

## III.    Discussion

The first prong of plain error analysis inquires whether the factual record supports Espinosa's commission of the charged crime.  Guilty pleas must comply with Rule 11 of the Federal Rules of Criminal Procedure. *United States v. Castro-Trevino*,  464 F.3d 536, 540 (5th Cir. 2006) (citations omitted).  Rule 11(b)(3) requires courts to ascertain whether "there is a factual basis for the plea."  "The factual basis for a guilty plea must be in the record and sufficiently specific to allow the court to determine whether the defendant's conduct is within the ambit of the statute's prohibitions." *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012) (internal quotations and citations omitted).  Thus, "the district court must compare: (1) the conduct to which the defendant admits; and (2) the elements of the offense charged in the indictment." *Id.*  The district court plainly errs when the admitted conduct does not satisfy the offense elements.

"To prove a drug conspiracy, the government must show (1) an agreement between two or more persons to violate narcotics laws; (2) knowledge of the agreement; and (3) voluntary participation in the agreement." *Escajeda*, 8 F.4th at 426 (citations omitted).  This court recognizes that "a single buy-sell agreement cannot constitute a conspiracy under the 'buyer-seller' exception—a rule that 'shields mere acquirers and

street-level users . . . from the more severe penalties reserved for distributors.'" *Escajeda*, 8 F.4th at 426 (quoting *United States v. Delgado*, 672 F.3d 320, 333 (5th Cir. 2012) (en banc)).   But this exception does not apply to defendants who, like Espinosa, make *two sales* to government informants. *Escajeda*, 8 F.4th at 426.   Nonetheless, "an 'agreement' with a government informant cannot be the basis for a conspiracy conviction because the informant does not share the requisite criminal purpose." *Escajeda*, 8 F.4th at 426 (quoting *Delgado*, 672 F.3d at 341).   The two controlled buys therefore cannot prove that Espinosa was involved in a conspiracy.

The factual basis supporting Espinosa's guilty plea is nevertheless sufficient because it includes ample circumstantial evidence of his involvement in a drug distribution conspiracy.   "A drug distribution conspiracy agreement—and the conspiracy itself—may be 'tacit' and inferred from 'circumstantial evidence,' 'presence,' and 'association.'" *Escajeda*, 8 F.4th at 427 (quoting *United States v. Akins*, 746 F.3d 590, 604 (5th Cir. 2014) and *United States v. Crooks*, 83 F.3d 103, 106 (5th Cir. 1996)). A comparison between the circumstantial evidence here and the evidence highlighted by the court in *United States v. Escajeda* is instructive.  8 F.4th at 425, 427.   There, officers searched the defendant's home and found "100 grams of cocaine . . . . a Glock, ammunition, and over $6,000 in cash."  *Id.* at 425.   The court determined that there was "plenty of circumstantial evidence of [the defendant's] involvement in a drug distribution conspiracy . . . ." before emphasizing that "sizeable amounts of cash, large quantities of drugs, and the presence of weapons have all served as proof for drug conspiracy charges in this court's caselaw." [4]  *Id.* at 427 (citations omitted).   Here,

---

[4] The defendant in *Escajeda* also "admitted that he had been selling between four and five ounces of cocaine per week . . . ." for about a year , that "he had not had a job

officers found "two firearms, plastic baggies, cutting agents, and digital scales" at Espinosa's residence. While they did not find any drugs, officers knew Espinosa could obtain more methamphetamine based on his own statements to the confidential source.[5] Thus, like the defendant in *Escajeda*, the factual basis supporting Espinosa's guilty plea is sufficient.

To conclude that the factual basis supporting Espinosa's guilty plea is deficient would undermine the longstanding tradition of holding defendants to their sworn testimony. Espinosa admitted in his plea agreement that "he conspired with others to distribute and possess with intent to distribute fifty grams or more of actual methamphetamine." He then reaffirmed this admission under oath at a hearing. But Espinosa now contends that "[t]here is nothing to support the existence of a plan between Espinosa and anyone else to distribute the drugs." "This Court 'generally will not allow a defendant to contradict his testimony given under oath at a plea hearing.'" *United States v. Smith*, 945 F.3d 860, 863 (5th Cir. 2019) (quoting *United States v. McDaniels*, 907 F.3d 366, 371 (5th Cir. 2018)); *see also United States v. Strother*, 458 F.2d 424, 426 fn. 3 (5th Cir. 1972). To allow such contradictions, "there must be independent indicia of the likely merit of the petitioner's contentions, and mere contradiction of his statements at the guilty plea hearing will not carry his burden." *United States v. Raetzsch*, 781 F.2d 1149, 1151 (5th Cir. 1986). "This requires 'specific factual

---

outside of cocaine distribution for the last six or seven years[,] and that the cash the officers found was from narcotics sales." 8 F.4th at 425. While Espinosa did not say anything similar, this difference alone does not meaningfully distinguish him from the defendant in *Escajeda*. Indeed, Espinosa's lengthy criminal history provides a similar basis for inferring motive, intent, and lack of mistake in this drug distribution conspiracy.

[5] While the controlled buys themselves cannot prove that Espinosa was involved in a conspiracy, no binding authority suggests that *information* conveyed by the seller during the buys cannot be used for that purpose.

allegations,' typically 'supported by the affidavit of a reliable third person.'" *Smith*, 945 F.3d at 863 (quoting *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985)). Espinosa has not provided any evidence contradicting his several sworn admissions of conspiring to possess and distribute methamphetamine. We hold him to his sworn statements.

Even assuming, contrary to the foregoing, that the district court plainly erred by accepting Espinosa's guilty plea, the error would not have affected his substantial rights. Again, a defendant's substantial rights are generally only affected if there is "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Greer*, 141 S. Ct. at 2096 (quoting *Rosales-Mireles*, 138 S. Ct. at 1904-05). Espinosa argues that his substantial rights were affected because he did not benefit from his plea bargain and because the conspiratorial aspect of his plea negatively affected his sentence. The first argument fails because, in exchange for his plea, the Government recommended that Espinosa receive "a three-level reduction for acceptance of responsibility." This reduction was reflected in the calculation of Espinosa's total offense level. The second argument also fails because Espinosa has not demonstrated that the district court imposed a higher sentence based on the conspiracy offense. The district court never even used the word conspiracy or any variation thereof during sentencing. To the contrary, it was primarily concerned with Espinosa's lengthy criminal history involving drugs. Espinosa has not shown that, but for the alleged error, there was a reasonable probability he would not have entered his guilty plea and would have gone to trial. Absent such a showing, his substantial rights were not affected.

Espinosa also unsuccessfully argues that a factual sufficiency error necessarily "violates a defendant's substantial rights . . . ." by citing *Garcia-Paulin*, 627 F.3d at 134. But *Garcia-Paulin* is inapposite because there,

No. 20-50787

"[n]othing in the factual basis" supported the defendant's convictions. *Id.* at 133. Espinosa thus mistakenly equates *no* factual basis with an *insufficient* factual basis. Here, circumstantial evidence supports the factual basis for Espinosa's conviction. In any event, when "error by the district court is subject to reasonable dispute . . . . that is not plain error." *Broussard*, 669 F.3d at 550 (citing *Puckett*, 556 U.S. at 135, 129 S. Ct. at 1429).

Moreover, Espinosa's substantial rights were not affected because he claims he should have been convicted for distribution, which he admitted, rather than conspiracy. But both crimes result in the same penalty range. Espinosa pled guilty to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). 21 U.S.C. § 846 provides that "[a]ny person who attempts or *conspires to commit any offense* defined in this subchapter *shall be subject to the same penalties as those prescribed for the offense . . . .*" Espinosa expressly admitted to distributing more than 50 grams of methamphetamine in violation of 21 U.S.C. § 841(b)(1)(A)(viii), and a sufficient factual basis in the record supports his admission. The government confirms that:

> [under] 21 U.S.C. § 841(b)(1)(B) [punishment for a violation involving] 5 grams or more of methamphetamine provided for imprisonment of five to 40 years for distribution of five grams or more of actual methamphetamine. [And] Espinosa's prior conviction for possession with intent to distribute methamphetamine . . . could have increased that range to 10 years to life, the same punishment range as the conspiracy to which he pled guilty, 21 U.S.C. § 841(b)(1)(A).

There is no indication the district court would have imposed a different sentence if Espinosa had pled guilty to distributing methamphetamine outside of a conspiracy.

9

No. 20-50787

Because Espinosa's arguments fail the first three prongs of plain error review, we need not consider the fourth prong.

## IV.  Conclusion

For these reasons, the district court did not plainly err by accepting Espinosa's guilty plea.  The judgment is AFFIRMED.