# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 12, 2022

Lyle W. Cayce
Clerk

No. 21-40325
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

FREDDIE GALAN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:20-CR-1266-1

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Freddie Galan challenges his guilty-plea conviction for conspiring with intent to distribute 500 grams or more of methamphetamine. He primarily contends that the factual basis was not sufficient under Federal Rule of Criminal Procedure 11(b)(3) to support his conviction.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-40325

Because Galan raises his challenge for the first time on appeal, we review for plain error, "examining the entire record for facts supporting the guilty plea and drawing reasonable inferences from those facts to determine whether the conduct to which the defendant admits satisfies the elements of the offense charged." *United States v. Escajeda*, 8 F.4th 423, 426 (5th Cir. 2021). We may consider, inter alia, the facts contained in the plea colloquy, the presentence report (PSR), and the sentencing hearing. *United States v. Barton*, 879 F.3d 595, 599 (5th Cir. 2018).

Contrary to Galan's contentions, his plea colloquy and the PSR establish that the conspiracy at issue predated the cooperation of co-conspirator Jesus Mares with the Government. *See United States v. Asibor*, 109 F.3d 1023, 1032 (5th Cir. 1997) (observing that an individual who eventually cooperates with Government "may have been a part of the continuing conspiracy prior to becoming an informer"). The PSR likewise describes communications, contained on Galan's cell phone, between Galan and an unidentified individual with a Mexico-based phone number discussing an apparent narcotics operation. *See Escajeda*, 8 F.4th at 427 (observing that defendant can be convicted of conspiring with individual whose name is unknown). Finally, the large quantity of drugs at issue—approximately 70 kilograms of methamphetamine—provides strong circumstantial evidence from which the existence of the conspiracy may be inferred. *See id.* Galan fails to show plain error. *See id.* at 426; *Barton*, 879 F.3d at 599.

Because Galan's challenges to the voluntariness of his plea and the effectiveness of his trial counsel are both premised upon his meritless factual-basis contentions, those remaining claims likewise fail. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) (holding that counsel cannot render ineffective assistance by failing to raise meritless claim).

The judgment of the district court is AFFIRMED.