# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 21, 2022

Lyle W. Cayce
Clerk

No. 21-50189
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Nathaniel Ausbie; Francisco Sandoval,

*Defendants—Appellants*,

consolidated with

No. 21-50190

United States of America,

*Plaintiff—Appellee*,

*versus*

Nathaniel Ausbie,

*Defendant— Appellant*.

No. 21-50189
c/w No. 21-50190

---

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:20-CR-245-1
USDC No. 7:16-CR-170-1

---

Before HIGGINBOTHAM, HIGGINSON, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Nathaniel Ausbie and Francisco Sandoval appeal from their jury convictions for conspiracy to possess with intent to distribute 50 grams or more of methamphetamine. Ausbie also challenges his conviction for possession of a firearm in furtherance of a drug trafficking crime. At the time of their arrest, Ausbie and Sandoval were inside of a vehicle with approximately 282.2 grams of methamphetamine, three firearms, a digital scale, and a substantial amount of cash. Rebeca Carrillo, who was a named co-conspirator and who had been driving that vehicle shortly before the arrest, testified for the prosecution at Ausbie and Sandoval's joint trial.

On appeal, Ausbie argues that the evidence presented at trial was insufficient to support the jury's verdict as to the conspiracy count because it established only that there was a buyer-seller relationship between him, Sandoval, and Carrillo, and because the prosecution failed to prove that the charged conspiracy involved at least 50 grams of methamphetamine. Because he preserved these sufficiency challenges at trial, we review them de novo. *See United States v. Ganji*, 880 F.3d 760, 767 (5th Cir. 2018). "[A] buyer-seller relationship, without more, will not prove a conspiracy" because such a showing fails to show that "the participants knowingly joined an

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50189
c/w No. 21-50190

agreement to distribute drugs in violation of the law." *United States v. Maseratti*, 1 F.3d 330, 336 (5th Cir. 1993). However, we have held that "sizeable amounts of cash, large quantities of drugs, and the presence of weapons have all served as proof for drug conspiracy charges." *United States v. Escajeda*, 8 F.4th 423, 427 (5th Cir. 2021). All of those types of evidence were present at Ausbie's arrest. Moreover, Carrillo testified that Ausbie had previously sold her methamphetamine on multiple occasions, Ausbie had previously conducted four methamphetamine transactions with Sandoval using Carrillo as a middleman, and she had engaged in methamphetamine distribution with Ausbie. Given the deference due to the jury's verdict, the evidence in this case was sufficient to establish that Ausbie was a knowing participant in the drug distribution conspiracy. Carrillo's testimony regarding her past transactions with Ausbie, as well as the amount of methamphetamine present at the time of Ausbie's arrest, also shows that a rational jury could have found that Ausbie knew or reasonably should have known that the conspiracy involved at least 50 grams of methamphetamine. *See United States v. Staggers*, 961 F.3d 745, 762 (5th Cir.), *cert. denied*, 141 S. Ct. 388 (2020). Accordingly, the evidence was sufficient to support Ausbie's conspiracy conviction. Because Ausbie's conspiracy conviction is affirmed, his challenge to his conviction for possession of a firearm in furtherance of a drug trafficking crime also fails.

Sandoval argues that a police detective's testimony violated the Confrontation Clause because she referenced a non-testifying confidential informant's statement identifying him as a drug source, the details of a controlled buy between the informant and Sandoval, and events that occurred during law enforcement's three-hour surveillance of Sandoval leading up to his arrest. Because Sandoval objected on this basis at trial, we

3

review this issue de novo subject to harmless error analysis. *See United States v. Kizzee*, 877 F.3d 650, 656 (5th Cir. 2017).

The Government has not met its burden of establishing that the reference to the informant's identification of Sandoval as a drug source was non-testimonial. *See Kizzee*, 877 F.3d at 656. Because that information specifically linked Sandoval to activities related to the charged crime, it was inadmissible hearsay. *See United States v. Jones*, 930 F.3d 366, 376-78 (5th Cir. 2019); *Kizzee*, 877 F.3d at 659; *Taylor v. Cain*, 545 F.3d 327, 335-36 (5th Cir. 2008). Moreover, due to some vagueness in the detective's testimony, we will assume, without deciding, that the other challenged statements were also impermissible hearsay. *See United States v. Sarli*, 913 F.3d 491, 496 (5th Cir. 2019).

We may nonetheless affirm Sandoval's conviction if the Confrontation Clause errors were harmless beyond a reasonable doubt. *See Jones*, 930 F.3d at 379. The fleeting references to the informant's identification of Sandoval as a drug source were harmless because that information did not directly relate to the charged conspiracy offense and the prosecution did not rely on the informant's identification and instead focused on testimony from in-court witnesses. *See Sarli*, 913 F.3d at 498-99. Although Sandoval argues that the informant's identification of him as a drug source was harmful because it bolstered Carrillo's credibility in that regard, Sandoval's general status as a drug source was amply demonstrated by other evidence properly admitted at trial. Moreover, the other statements challenged by Sandoval were harmless because they were cumulative of other properly admitted evidence. *See United States v. Bedoy*, 827 F.3d 495, 512 (5th Cir. 2016). Specifically, the detective's testimony regarding details of a controlled buy between the informant and Sandoval was cumulative of the detective's firsthand testimony regarding those details, the recorded aerial

surveillance footage of the controlled buy, and the pilot's testimony. The detective's testimony summarizing the surveillance was also cumulative of the properly admitted evidence of that surveillance. Accordingly, the Government has met its burden of showing that there was "no reasonable possibility that the tainted evidence might have contributed to the jury's verdict of guilty." *Jones*, 930 F.3d at 379 (internal quotation marks and citation omitted).

Accordingly, we AFFIRM the judgments of conviction as to both Ausbie and Sandoval.