# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 4, 2023

Lyle W. Cayce
Clerk

———————————

No. 19-40505
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Oscar Manuel Hernandez-Alcantar,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:18-CR-1884-1

———————————————————————

Before Barksdale, Higginson, and Ho, *Circuit Judges.*

Per Curiam:[*]

Oscar Manuel Hernandez-Alcantar pleaded guilty to importing 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(1)(H) and 18 U.S.C. § 2. He challenges his below-Guidelines sentence of 150-months' imprisonment.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 19-40505

Hernandez, a citizen of Mexico, was stopped by border patrol agents when he attempted to drive into the United States from Mexico through the Pharr, Texas, Port of Entry.  Agents inspected his vehicle and discovered 12 packages of narcotics concealed inside.  Hernandez initially denied knowledge of the drugs, but he later signed a statement acknowledging he knew he was transporting a controlled substance.  The Drug Enforcement Administration determined the vehicle contained 4,833 grams of 89%-pure methamphetamine "ice" and 1,988 grams of cocaine.

Under the Sentencing Guidelines, when different controlled substances are involved in a single offense, the "converted drug weight" of those substances is calculated using the Drug Conversion Tables, in order to determine a single offense level.  U.S.S.G. § 2D1.1 cmt. n.8(B).  The net weight of methamphetamine "ice" receives a one-gram-to-20-kilograms multiplier in calculating the converted drug weight.  U.S.S.G. § 2D1.1 cmt. n.8(D).  The presentence investigation report (PSR) applied this multiplier in reaching Hernandez' recommended advisory Guidelines range of 168–210 months' imprisonment.  The court adopted the PSR and applied a downward departure to reach its above-described sentence of 150 months.

Hernandez asserts his advisory range would have been 87–108 months' imprisonment if the converted weight was calculated based on a methamphetamine mixture, rather than methamphetamine "ice".  He contends:  application of the multiplier is inconsistent with his indictment; therefore, he was punished for an offense he was not charged with or admitted to, in violation of his due-process rights.

Hernandez did not raise this issue in district court (as he concedes). Because this issue was not preserved in district court, review is only for plain error.  *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).  Under that standard, he must show a forfeited plain error (clear-or-obvious

error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, our court has the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

"The choice of which multiplier to use is not determined by the language of the indictment." *United States v. Molina*, 469 F.3d 408, 414 (5th Cir. 2006); *see also United States v. Aparicio*, 963 F.3d 470, 475 (5th Cir. 2020). Rather, the Guidelines direct that, "even if the indictment alleges possession of a mixture or substance containing methamphetamine . . . the court [should] apply the offense level determined by the weight of pure methamphetamine in the mixture or substance if doing so would result in a higher offense level". *Molina*, 469 F.3d at 414.

Further, "[a]n indictment must allege only the essential elements of an offense". *Aparicio*, 963 F.3d at 475 (citation omitted). "Because the fact that the methamphetamine involved in [Hernandez'] offense was 'ice' does not affect the statutory penalty for his crime, that fact is not an 'element' of the offense." *Id.* (citation omitted). Hernandez pleaded guilty to an offense involving "500 grams or more of a mixture or substance containing a detectable amount of methamphetamine", which is punishable by ten years to life in prison. 21 U.S.C. § 960(b)(1)(H).

Accordingly, Hernandez fails to show the requisite clear-or-obvious error in applying the "ice" multiplier to arrive at a higher offense level than application of the mixture's multiplier would have. *E.g.*, *Molina*, 469 F.3d at 414; *Aparicio*, 963 F.3d at 475.

Additionally, relying on *McFadden v. United States*, 576 U.S. 186 (2015) (holding a 21 U.S.C. § 841(a)(1) conviction requires Government to

prove "defendant knew he was dealing with a 'controlled substance'"), Hernandez contends the factual basis accompanying his plea was insufficient to satisfy the knowledge element of his offense.

He maintains he preserved this challenge by objecting to a two-level enhancement under Guideline § 2D1.1(b)(5) recommended by the PSR. Because in district court he "did not raise a challenge to the adequacy of the factual basis underlying [his] guilty plea", he failed to preserve this issue; therefore, review is again only for plain error. *United States v. Marek*, 238 F.3d 310, 315 (5th Cir. 2001) (en banc). When reviewing a guilty plea's factual basis for plain error, our court may "consider the entire record". *United States v. Ortiz*, 927 F.3d 868, 873 (5th Cir. 2019).

Federal Rule of Criminal Procedure 11 requires a court to "make certain that the factual conduct admitted by the defendant is sufficient as a matter of law to establish a violation of the statute to which he entered his plea". *United States v. Escajeda*, 8 F.4th 423, 426 (5th Cir. 2021) (citation omitted). Hernandez' importation offense required establishing: (1) he "played a role" in importing a controlled substance; (2) he "knew the substance was controlled"; and (3) he "knew the substance would enter the United States". *United States v. Zamora-Salazar*, 860 F.3d 826, 832 (5th Cir. 2017) (citation omitted).

Hernandez admitted several times in district court that he knew he was transporting a controlled substance into the United States. The record contains additional circumstantial evidence that he knew his vehicle contained illegal drugs. Again, he fails to show the requisite clear-or-obvious error.

AFFIRMED.