# United States Court of Appeals
# for the Fifth Circuit

_____

No. 22-50317
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
August 15, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Anthony Deshawn Howard,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:21-CR-85-1

_____

Before Barksdale, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Anthony Deshawn Howard pleaded guilty to: three counts of possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); and one count of possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

§ 924(c)(1)(A)(i).    He was sentenced to, *inter alia*, 147-months' imprisonment, three-years' supervised release, and $2,000 in fines.

Howard first asserts that, due to technical error, his rearraignment hearing was not recorded and a transcript unavailable. As a result, he insists there is nothing to show his guilty plea was validly entered. Our court previously granted the Government's motion to remand to district court to reconstruct the record of the rearraignment proceeding. Howard did not object to that reconstructed record, and the Government asserts he now concedes his challenge to the absence of a record of the rearraignment proceeding is moot. In his reply brief, Howard does not dispute the Government's assertion. The challenge is moot.

Next, Howard maintains the written factual basis for his plea was insufficient to establish his guilt on the three drug counts because it does not show he admitted to knowing: the identity of the substances discovered by police; or that the substances were controlled substances on the federal drug schedules.

Because Howard did not raise this issue in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Howard must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

"[E]xamining the entire record for facts supporting the guilty plea and drawing reasonable inferences from those facts to determine whether the conduct to which the defendant admits satisfies the elements of the offense charged", the record supports the reasonable inference that Howard knew

the identity of the substances he possessed. *United States v. Escajeda*, 8 F.4th 423, 426 (5th Cir. 2021); *see also McFadden v. United States*, 576 U.S. 186, 192 & n.1 (2015) (explaining defendant satisfies § 841(a)(1) knowledge requirement if he: "knew he possessed a substance listed on the schedules, even if he did not know which substance it was"; or, "knew the identity of the substance he possessed"); *United States v. Crittenden*, 46 F.4th 292, 298–99 & n.7 (5th Cir. 2022) (en banc) (applying *McFadden* and explaining defendant "needed to know only that he possessed a controlled substance"). Accordingly, Howard fails to show the requisite clear-or-obvious error in the court's accepting his guilty plea. *E.g.*, *Escajeda*, 8 F.4th at 426.

Howard additionally contends the imposition of $2,000 in fines was unreasonable in the light of his lack of earning capacity and the burden the fines would place on his dependents. We pretermit a discussion of whether he sufficiently preserved this issue because, even on review for abuse of discretion, he has not shown error. *E.g.*, *United States v. Pacheco-Alvarado*, 782 F.3d 213, 220–21 (5th Cir. 2015).

Because the court adopted the presentence investigation report (PSR) and imposed a below-Guidelines fine, it was not required to make specific findings under these circumstances. *E.g.*, *United States v. Brantley*, 537 F.3d 347, 351–52 (5th Cir. 2008) (explaining when "district court [does] not reject or depart from the adopted PSR's recommendation on a fine . . . the court [is] not required to make specific findings regarding [defendant's] ability to pay the fine"). Additionally, Howard fails to overcome the presumption of reasonableness applicable to the fines. *Pacheco-Alvarado*, 782 F.3d at 219–20 ("For properly calculated, within-Guidelines sentences, we employ a presumption of reasonableness, which is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it

represents a clear error of judgment in balancing sentencing factors." (alterations omitted) (citation omitted)).

Finally, Howard asserts it is unclear when he must pay his fines. Unless a sentencing court specifies otherwise, a fine is to be paid immediately. *See* 18 U.S.C. § 3572(d)(1); *United States v. Diehl*, 848 F.3d 629, 631 (5th Cir. 2017) (stating § 3572(d)(1) establishes default rule requiring defendant make payment immediately unless district court specifies otherwise). Howard concedes that, based on the oral sentence, his fines would be due immediately, but he contends several aspects of the written judgment suggest he instead is required to pay his fines while incarcerated or while on supervised release. We disagree that the written judgment is ambiguous. *See United States v. Buck*, 470 F. App'x 304, 305 (5th Cir. 2012) (noting "immediate payment" does not entail "immediate payment in full"; rather, it requires "payment to the extent that the defendant can make it in good faith, beginning immediately" (citation omitted)); *see also United States v. Miller*, 406 F.3d 323, 328 (5th Cir. 2005) (noting, in restitution context, "payable immediately" does not require defendant to "make full restitution at once").

AFFIRMED.