# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 23, 2024

Lyle W. Cayce
Clerk

No. 22-10893

United States of America,

*Plaintiff—Appellee*,

*versus*

Abutalib Mohamed,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CR-310-1

_____

Before Richman, *Chief Judge*, and Graves and Wilson, *Circuit Judges*.

Per Curiam:[*]

Abutalib Mohamed pleaded guilty to two counts of unlawful possession of ammunition by a prohibited person and one count of conspiracy to possess with intent to distribute marijuana. He appeals his guilty plea on the conspiracy count. He argues that the district court erred in accepting his plea because it was not supported by a sufficient factual basis. We affirm.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10893

## I

In March 2021, Mohamed shot K.H. after arguing with him outside of a Waffle House in Irving, Texas. In the hospital, K.H. identified Mohamed to police officers as the person who shot him.

A few days later, officers arrested Mohamed at his home. Upon searching his bedroom, officers found 20.3 grams of marijuana, drug-distribution bags, a digital scale, and Mohamed's cell phone. A search of the phone revealed that he was "committing street level and prisoner drug deals," among other crimes. Officers also found $6,995 in a box inside the apartment's living room. But officers did not determine that the money was drug proceeds.

In an interview with officers, Mohamed admitted that he shot K.H. after an argument about who could deal drugs at the location. He further admitted that he sold marijuana for $7 a gram.

Initially, Mohamed was charged with four crimes: two counts of unlawful possession of ammunition by a prohibited person,[1] one count of conspiracy to possess with intent to distribute marijuana,[2] and one count of discharge of a firearm in furtherance of a drug trafficking crime.[3] Pursuant to a written plea agreement, Mohamed agreed to plead guilty to the first three counts and the Government agreed to dismiss the firearm-discharge count.

---

[1] *See* 18 U.S.C. § 922(g)(1).

[2] *See* 21 U.S.C. §§ 846, 841(a)(1).

[3] *See* 18 U.S.C. § 924(c)(1)(A)(iii).

No. 22-10893

To support his guilty plea, Mohamed signed a factual resume in which he admitted he committed the March 2021 shooting.[4]  As relevant to the conspiracy charge, Mohamed admitted that officers searching his home found marijuana as well as bags and a scale that he used for marijuana distribution.  Mohamed further stipulated that he "committed all the essential elements" of the crimes with which he had been charged.

In his plea colloquy, Mohamed pleaded guilty.  He again agreed that he committed every element of the crimes to which he pleaded guilty.  The district court then accepted his plea, finding that it was "supported by an independent basis in fact containing each of the essential elements of the offense."

The district court sentenced Mohamed to consecutive sentences of eighty-seven months on count one, eighty-seven months on count two, and sixty months on count three.  Mohamed timely appealed.[5]

## II

Mohamed did not object in the district court that there was an insufficient factual basis to accept his guilty plea to the conspiracy charge. Accordingly, we review for plain error.[6]  "To prevail on plain error review, [Mohamed] must identify (1) a forfeited error (2) that is clear or obvious, rather than subject to reasonable dispute, and (3) that affects his substantial

---

[4] The resume also discusses a shooting in December 2020, which is the basis of Mohamed's other possession-of-ammunition charge.

[5] In the written plea agreement, Mohamed agreed to waive his right to appeal. However, "a valid waiver of appeal does not bar review of a claim that the factual basis for a guilty plea fails to establish the essential elements of the crime of conviction." *United States v. Trejo*, 610 F.3d 308, 312 (5th Cir. 2010).  The Government does not contend that the waiver forbids Mohamed's appeal.

[6] *United States v. McCall*, 833 F.3d 560, 562 (5th Cir. 2016).

rights."[7]  "If he satisfies these three requirements, we may correct the error at our discretion if it 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'"[8]

A district court accepting a guilty plea must "make certain that the factual conduct admitted by the defendant is sufficient as a matter of law to establish a violation of the statute to which he entered his plea."[9]  "To determine whether the factual basis is sufficient, [we] compare[] '(1) the conduct to which the defendant admits with (2) the elements of the offense charged in the indictment or information.'"[10]  The district court's conclusion that there was a sufficient factual basis for the plea is not clear or obvious error "as long as it is plausible in light of the record as a whole."[11] Reviewing that conclusion, we may consider "the facts gleaned from the plea agreement and plea colloquy, the factual findings relied upon in the presentence report ('PSR'), as well as 'fairly drawn' inferences from the evidence presented both post-plea and at the sentencing hearing."[12]

"The essential elements of a drug conspiracy are (1) an agreement by two or more persons to violate the narcotics laws; (2) a defendant's knowledge of the agreement; and (3) his voluntary participation in the

---

[7] *United States v. Trujillo*, 4 F.4th 287, 290 (5th Cir. 2021) (citing *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

[8] *Id.* (alteration in original) (quoting *Puckett*, 556 U.S. at 135).

[9] *Trejo*, 610 F.3d at 313 (emphasis omitted) (citing FED. R. CRIM. P. 11(b)(3)).

[10] *United States v. Jones*, 969 F.3d 192, 196 (5th Cir. 2020) (quoting *United States v. Hildenbrand*, 527 F.3d 466, 474–75 (5th Cir. 2008)).

[11] *Hildenbrand*, 527 F.3d at 475 (internal quotation marks omitted) (quoting *United States v. Gonzales*, 436 F.3d 560, 584 (5th Cir. 2006)).

[12] *Trejo*, 610 F.3d at 317 (quoting *Hildenbrand*, 527 F.3d at 475).

agreement."[13]  The agreement forming the basis of the conspiracy "may be tacit," and the district court may "infer its existence from circumstantial evidence."[14]  "[W]hile it is true that a buyer-seller relationship, without more, will not prove a conspiracy, one becomes a member of a drug conspiracy if he knowingly participates in a plan to distribute drugs, whether by buying, selling, or otherwise."[15]

Mohamed contends that there was an insufficient factual basis to support his guilty plea on the conspiracy count.  He argues that nothing in the record indicates he agreed with another person to violate the narcotics laws.  The lack of evidence of an agreement, Mohamed further argues, necessarily means that there is no evidence of the other elements of conspiracy.

We disagree.  True, Mohamed pleading guilty and admitting he committed every element of the conspiracy offense—"a legal conclusion on [his] part"—"is not itself sufficient to support [his] guilty plea."[16]  But the record in this case nevertheless contained a sufficient factual basis for the district court to accept Mohamed's plea.  Searching Mohamed's bedroom, officers found 20.3 grams of marijuana, drug-distribution bags, and a digital scale.  Officers also found $6,995 in cash in a bag in the apartment's fireplace.  Further, Mohamed admitted to officers that he possessed a firearm, which

---

[13] *United States v. Vargas–Ocampo*, 747 F.3d 299, 303 (5th Cir. 2014) (en banc).

[14] *See United States v. Crooks*, 83 F.3d 103, 106 (5th Cir. 1996).

[15] *United States v. Delgado*, 672 F.3d 320, 333 (5th Cir. 2012) (en banc) (emphasis, ellipsis, and alterations omitted) (quoting *United States v. Maseratti*, 1 F.3d 330, 336 (5th Cir. 1993)).

[16] *United States v. Marek*, 238 F.3d 310, 314 (5th Cir. 2001) (en banc).

No. 22-10893

he had recently disposed of after shooting K.H.  This court has considered such indicia of ongoing drug sales to constitute proof of a drug conspiracy.[17]

A search of Mohamed's cell phone revealed that he "was committing street level and prisoner drug deals."  Mohamed admitted to officers that he sold marijuana for $7 a gram.  The drug evidence discovered by officers in Mohamed's apartment did not reflect that Mohamed himself grew or processed marijuana for sale.[18]  This evidence too indicates that, "rather than acting alone," Mohamed "knowingly participate[d] in a plan to distribute drugs" with someone—such as a supplier or an accomplice who facilitated his prison drug deals—"who shared [his] intent to distribute the drugs in [his] possession."[19]

Accordingly, the district court did not "clear[ly] or obvious[ly]" err by accepting Mohamed's guilty plea.[20]

\* \* \*

We AFFIRM the district court's judgment.

---

[17] *See United States v. Escajeda*, 8 F.4th 423, 427 (5th Cir. 2021); *United States v. Crooks*, 83 F.3d 103, 107 (5th Cir. 1996) (identifying the defendant's possession of $1,400 in cash as evidence supporting the defendant's participation in a conspiracy).

[18] *Cf. Escajeda*, 8 F.4th at 427 ("The government need not discover and name Escajeda's buyers or suppliers to prove that he knowingly participated in some fashion in the larger objectives of a conspiracy to distribute drugs." (internal quotations and alterations omitted)).

[19] *See United States v. Delgado*, 672 F.3d 320, 333 (5th Cir. 2012) (en banc) (emphasis omitted).

[20] *See Puckett v. United States*, 556 U.S. 129, 135 (2009).