# United States Court of Appeals
# for the Fifth Circuit

―――――――――

No. 24-10171
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**

October 31, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Anthony Tyrone Garrett,

*Defendant—Appellant*.

―――――――――――――――――――――――――

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CR-279-1

―――――――――――――――――――――――――

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Anthony Tyrone Garrett appeals his guilty plea conviction for conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846. Garrett argues that the factual basis for his plea was insufficient to establish an agreement to engage in a conspiracy.

―――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

We review this unpreserved issue for plain error. *See United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010). While Garrett argues that we should apply a de novo standard of review, it is well established that the sufficiency of a factual basis is reviewed for plain error when unpreserved. *See United States v. Garcia-Paulin*, 627 F.3d 127, 131 (5th Cir. 2010).

On plain error review, a defendant must demonstrate that the district court committed a clear or obvious error that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). We review the entirety of the record, including the plea agreement, the presentence report (PSR), and reasonable inferences drawn from the totality of the evidence. *Trejo*, 610 F.3d at 317.

Garrett admitted in the factual resume to receiving methamphetamine from at least one source, to distributing methamphetamine with other coconspirators, and to conspiring to possess with intent to distribute methamphetamine. The PSR also explains that Garrett provided methamphetamine in two controlled buys and one attempted controlled buy and that he engaged in numerous short stops at multiple locations consistent with sale of narcotics. The PSR details that the first controlled buy was set up by a confidential informant who arranged the purchase of methamphetamine from a person identified in the PSR as the "Individual." At the time of the transaction, the Individual advised that his source would arrive with the methamphetamine, naming Garrett as his source, and Garrett subsequently conducted the transaction with the informant. Garrett also sold methamphetamine from a larger supply in his possession to a female at a hotel.

The PSR further highlights that Garrett handled large quantities of methamphetamine, which totaled 3.48 kilograms. Additionally, Garrett had $4,000 in cash and drug paraphernalia in his possession at the time of his

arrest. Taken together, these facts are sufficient to establish a conspiracy to possess with intent to distribute methamphetamine. *See, e.g.*, *United States v. Escajeda*, 8 F.4th 423, 425-27 (5th Cir. 2021). Furthermore, due to Garrett's extensive activity and multiple sales, his conduct does not fall under the buyer-seller exception as he suggests. *See id*. at 426-27.

Garrett has not demonstrated a clear or obvious error because the entirety of the record supports a reasonable inference that there was a conspiracy between Garrett and coconspirators to possess with intent distribute methamphetamine. *See Trejo*, 610 F.3d at 317; *Puckett*, 556 U.S. at 135.

The judgment of the district court is AFFIRMED.