# United States Court of Appeals
# for the Fifth Circuit

No. 24-10537
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 31, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Michael Samuel Dekelbaum,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CR-372-1

Before Smith, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Michael Samuel Dekelbaum appeals his guilty plea and sentence for conspiracy to possess with intent to distribute a mixture or substance containing methamphetamine. *See* 21 U.S.C. §§ 846, 841(b)(1)(C). As part of his plea agreement, he agreed to waive his right to appeal from his conviction or sentence, but he reserved the right to appeal a sentence

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

exceeding the statutory maximum punishment or an arithmetic error at sentencing, to challenge the voluntariness of his plea or the waiver of appeal provision, and to raise a claim of ineffective assistance of counsel.

Dekelbaum first argues that the superseding information he pleaded guilty to was so impermissibly vague that he will not be able to argue a double-jeopardy violation in any future prosecution. He also argues that the record does not contain enough information to correct this deficiency. However, as the Government argues, the error, if any, is a non-jurisdictional defect that was waived by Dekelbaum's guilty plea. *See United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992); *United States v. Scruggs*, 714 F.3d 258, 262 (5th Cir. 2013). In the alternative, we conclude that this issue is waived by the waiver of appeal provision in his plea agreement. *See United States v. Higgins*, 739 F.3d 733, 736 (5th Cir. 2014).

Next, Dekelbaum argues that the factual basis supporting his plea was insufficient. A challenge to the sufficiency of a factual basis is not barred by a waiver of appeal. *See United States v. Alvarado-Casas*, 715 F.3d 945, 951 (5th Cir. 2013). However, because he did not object on this basis in the district court, we conclude that plain error review applies. *See United States v. Rodriguez-Leos*, 953 F.3d 320, 324 (5th Cir. 2020); *Puckett v. United States*, 556 U.S. 129, 135 (2009). Therefore, we may consult the entire record. *See United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010). Dekelbaum has not shown that the district court committed an error that was clear or obvious.

We have held that the "buyer-seller" exception only applies where there is a single transaction. *See United States v. Escajeda*, 8 F.4th 423, 426 (5th Cir. 2021). Here, the record establishes that Dekelbaum made multiple sales to several different individuals. We also conclude that the record contains other evidence supporting the existence of a drug distribution conspiracy, such as multiple and regular sales of large amounts to the same

individuals, distribution materials, sizeable amounts of cash, and multiple cellular telephones. *See Escajeda*, 8 F.4th at 427; *United States v. Bams*, 858 F.3d 937, 945 (5th Cir. 2017). Finally, as Dekelbaum asserts, a defendant may not conspire with a government informant or agent. *See Escajeda*, 8 F.4th at 426. However, as is the case here, a conspiracy may be based on an agreement and conduct that occurred prior to the start of cooperation with the Government. *See United States v. Asibor*, 109 F.3d 1023, 1032 (5th Cir. 1997). In addition, there was evidence that Dekelbaum conspired with others who did not later become confidential sources for the Government. The Government need not identify these individuals by name. *See Escajeda*, 8 F.4th at 427.

Finally, Dekelbaum raises three separate challenges involving the calculation of his sentence: (1) the district court erred by refusing to allow oral argument on his objections to the presentence report (PSR); (2) the district court erred by basing the determination of drug quantity on information from unreliable sources; and (3) the district court erred by refusing to grant a two-level "safety valve" reduction. Recognizing the existence of the waiver of appeal provision, Dekelbaum argues five reasons why the waiver should not apply: (1) the waiver does not cover a challenge to the manner in which the sentence was determined; (2) the waiver does not cover constitutional claims, such as his due process claim; (3) the waiver does not apply where there has been a miscarriage of justice; (4) the waiver does not apply because the district court indicated he could appeal the denial of his objections to the PSR; and (5) the waiver should not apply because the Government breached a proffer agreement. We conclude none of these arguments are persuasive, and therefore, the waiver of appeal applies.

AFFIRMED.